**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**GERALD F. KOLPACKE,**

        **Plaintiff,**                    **CASE NUMBER: 05-73734
HONORABLE VICTORIA A. ROBERTS**

v.

**CSX PENSION PLAN,
CSX TRANSPORTATION, INC.,
CSX CORPORATION,
CSX CORPORATION COMPREHENSIVE
MEDICAL PLAN, and CSX GROUP LIFE
INSURANCE PLAN,**

        **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter came before the Court on Plaintiff Gerald F. Kolpacke's Motion for Reconsideration. On March, 2007, the Court awarded Judgment in Defendants' favor and against Plaintiff on Counts I, II, and III of Plaintiff's Complaint and in Plaintiff's favor and against Defendants for their failure to timely provide Plaintiff with a copy of the collective bargaining agreement in violation of ERISA § 502(c)(1)(B). The Court awarded Plaintiff $5,100.00.

Plaintiff filed a motion for reconsideration and asks the Court to reconsider its ruling that: (1) it was not arbitrary and capricious for the pension plan administrator to rely on the Summary Plan Description ("SPD") to determine that Plaintiff's retirement pension would be offset by future railroad retirement benefits; and (2) equitable estoppel

1

does not prevent Defendants from deducting railroad retirement benefits.

Eastern District of Michigan Local Rule 7.1(g) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich. 2001). "[T[he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

Plaintiff argues that the Court should find that Defendants' decision to deduct railroad retirement benefits from Plaintiff's pension was arbitrary and capricious for two reasons. First, he asserts that Defendants could not reasonably rely on the SPD because it was inconsistent with the ERISA Plan ("Plan'"). Second, Plaintiff argues that because he relied to his detriment on Defendants' representation that his pension would not be offset by railroad retirement benefits, the doctrine of equitable estoppel should prevent Defendants from reducing his pension.

### A. Summary Plan Description

Plaintiff argues that the Court erred in ruling that Defendant's reliance on the SPD in deciding to deduct railroad benefits was not arbitrary and capricious. He asks the Court to reconsider its finding because: (1) the Plan does not provide for deduction of railroad benefits and, therefore, should control over the SPD; (2) the SPD states that the pension benefit will be reduced by the railroad benefits "[he] was eligible to receive" and that he was not eligible to receive railroad benefits at the time he elected to retire;

2

and (3) the statements in a summary plan document, which conflict with the Plan, should only govern when the provisions are favorable to the employee.

The SPD does state that "[i]f there is a conflict between the provisions of the Plan and this description, the Plan provisions will control in all cases." The Sixth Circuit, has held that "statements in a summary plan are binding [,] and if such statements conflict with those in the plan itself, the summary shall govern." *Edwards v. State Farm Mut. Auto. Ins. Co.*, 851 F.2d 134, 136 (6th Cir. 1988). The Court relied on this principal to determine that the Administrators' reliance on the SPD was not arbitrary or capricious.

Plaintiff argues that the principle underlying the Court's decision in *Edwards* was one of pragmatic fairness. *Haus v. Bechtel Jacobs Co., LLC*, No. 04-6192, 2007 WL 1772068, *5 (6th Cir. June 21, 2007). In *Edwards*, the company refused to pay benefits due under the summary plan but not due under the original plan. *Edwards*, 851 F.2d at 135. Therefore, the Court found that the summary plan should govern, "otherwise unfairness would flow to the employee for reasonably relying on the summary." *Id.*

In *Andersen v. Chrysler Corp.*, 99 F.3d 846 (7th Cir. 1996), the Seventh Circuit noted that the principle of *Edwards* should be limited to particular circumstances and that where the plan itself gives the employee greater benefits and protection, it should control. *Id.* at 858 & n. 10; *see also Coleman v. Aegon Ins. Group*, 71 F.Supp.2d 714, 718 (W.D.Ky. 1999)(citing *Andersen* and holding that the equitable principles of ERISA demand that summary plan not control over the plan). The Court finds this reasoning persuasive but not dispositive.

Plaintiff argues that the Plan is more favorable to Plaintiff than the terms of the SPD and therefore, should govern. In its order, this Court found that section 4.05 of the

3

Plan by its terms did not require a deduction of railroad benefits. In so deciding, the Court noted that the other provisions governing retirement specifically provided that section 4.02, under which the normal retirement benefits is calculated, applied and that railroad benefits would be deducted. Nevertheless, the Court found that the terms of the SPD, which provided that railroad benefits would be deducted for any employee who retired before age 55, were binding.

The Court notes that section 4.05, which applies to Plaintiff, states that a terminated vested employee is entitled to his "Accrued Benefit." Section 1.02 states "'Accrued Benefit' **means** as of any determination date and except for as provided with respect to benefits accrued under Article IVA, **the normal retirement Pension computed under Section 4.02(b)** on the basis of the Member's Average Compensation and Credited Service as of that date." (emphasis added). Section 4.02(b) provides for an immediate offset of railroad retirement benefits when an employee elects to retire "on or before his Normal Retirement Date." The Court finds that section 4.05 by reference to "accrued benefit" includes section 4.02 and Defendants can immediately deduct railroad benefits from Plaintiff's pension. This interpretation is consistent with the terms and calculations of the SPD as well as the findings of the Administrative Committee. Therefore, Plaintiff's claim that the Plan is more favorable than the SPD fails.

The Court recognizes that its Order found that railroad benefits could be deducted on other grounds; however, it is not persuaded that Plaintiff identified a "palpable defect" which warrants a different holding. In fact, the Court finds that it erred

4

in concluding that Defendants' reading of section 4.02 in conjunction with section 4.05 was arbitrary and capricious.

### B. Equitable Estoppel

Next, Plaintiff argues that the Court should invoke the equitable estoppel doctrine to prohibit Defendants from deducting railroad benefits from his pension. In a letter, Defendants notified Plaintiff that he was eligible to "retire immediately," the amount of his accrued benefit would be $492.00, and that the "benefit had already been offset for railroad retirement and will not be reduced any further." Defendants admit that this letter, an alleged mistake in calculation, was relied upon by Plaintiff. The mistake was corrected 9 days after Plaintiff elected to retire.

Plaintiff claims that he relied to his detriment on Defendants' letter, which represented that the railroad benefits were already deducted. Thus, Plaintiff claims that no railroad benefits should be deducted even though it is clear that the letter (albeit mistaken about the amount) apprised Plaintiff that railroad benefits were deducted.

Equitable estoppel is only a viable theory when the terms of an ERISA plan are ambiguous. *Sprague v. General Motors Corp.*, 133 F.3d 388, 404 (6th Cir. 1998). The elements of equitable estoppel under ERISA are:

> (1) [T]here must be conduct or language amounting to a representation of material fact; (2) the party to be estopped must be aware of the true facts; (3) the party to be estopped must intend that the representation be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; (4) the party asserting the estoppel must be unaware of the true facts; and (5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment.

*Id.*

Plaintiff argues that not only does he meet these elements but that because the Plan

5

and the SPD are inconsistent on whether railroad benefits should be deducted, equitable estoppel should apply.

Although the parties do not dispute that Plaintiff satisfies the reliance factor, all of the elements must be present for the Court to order estoppel. *Armistead v. Venitron Corp.*, 944 F.2d 1287, 1298 (6th Cir. 1991). Plaintiff cannot satisfy the first of these elements; that is, he cannot show that Defendants' inaccurate calculation of his benefit amount "contain[ed] an element of fraud, either intended deception or such gross negligence as to amount to constructive fraud." *Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 430 (6th Cir. 2007)(citing *Trs. of Mich. Laborers' Health Care Fund v. Gibbons*, 209 F.3d 587, 591 (6th Cir. 2000)).

The letter clearly stated that railroad benefits were deducted. Therefore, it was reasonable for Plaintiff to rely on the amount listed as his benefits. However, it is certainly not reasonable for him to contend that railroad benefits should not be deducted at all on this basis. At most, Plaintiff has shown that Defendants made an honest mistake.

As for Plaintiff's argument that the principles of estoppel can be applied because the plan terms are ambiguous, the Court finds that there is no ambiguity in the plan documents. The Sixth Circuit mandates this outcome "despite the fact that [D]efendant[s] may have mistakenly made . . . written statements contrary to the plan documents." *Sprague*, 133 F.3d at 404. It is this Court's belief that Defendants' letter was not contrary to the documents provided to Plaintiff and simply misstated the amount of benefits Plaintiff would receive. Like the SPD, Defendants' letter stated that railroad benefits would be deducted.

6

Plaintiff's equitable estoppel claim fails as a matter of law.

For theses reasons, the Court finds no palpable defect in its order. Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 6, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 6, 2007.

s/Carol A. Pinegar
Deputy Clerk